# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **GARY SCULLY** | **CIVIL ACTION NO. 6:17-CV-551** |
|     LA. DOC #245502 | |
| **VS.** | **SECTION P** |
| | **JUDGE REBECCA F. DOHERTY** |
| **JASON KENT** | **MAGISTRATE JUDGE PATRICK HANNA** |

## REPORT AND RECOMMENDATION

Pro se petitioner Gary Scully, a prisoner in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on April 13, 2017. Petitioner attacks his June 16, 2014, conviction for 4th Offense Driving While Intoxicated, the sentence of 18 years at hard labor and the $5,0000 fine imposed thereon by the 16th Judicial District Court, St. Mary Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITHOUT PREJUDICE**.

### *Statement of the Case*

Petitioner was charged by bill of information with fourth offense driving while intoxicated (DWI), a violation of La. R.S. 14:98(E) (prior to 2014 amendments) (count one), and with operating a vehicle without a license, a violation of La. R.S. 32:52 (count two). He pled not guilty and prior to trial, expressed his desire to waive the right to counsel and represent himself. The trial court allowed this request, appointing his prior attorney as

standby counsel. The state severed (and later nolle-prossed) count two and proceeded to trial on count one only. Following a jury trial, the defendant was found guilty as charged. The trial court subsequently sentenced the defendant to eighteen years at hard labor and ordered him to pay a $5,000.00 fine. See *State v. Scully*, 2015 La. App. Unpub. LEXIS 444, 2015 0385 (La.App. 1 Cir. 11/06/15); 2015 WL 6835435 (La.App. 1 Cir. Nov. 6, 2015).

He appealed his conviction and sentence to the First Circuit Court of Appeals raising the following four counseled and *pro se* assignments of error:[1] (1) insufficient evidence; (2) trial court erred in allowing self-representation at trial; (3) trial court erred in denying motion for mistrial; and (4) improper sentence outside of the presence of counsel. *Id.* The First Circuit found that the trial court failed to expressly restrict the petitioner's sentence to exclude parole for two years, rendering the sentence illegally lenient. As such, on November 6, 2015, the Court of Appeals affirmed the conviction vacated the sentence and remanded the matter for re-sentencing. *Id.*

On some unspecified date, he sought a writ of review in the Louisiana Supreme Court

---

[1] The Court of Appeal noted that petitioner's pro se brief was presented to the court more in the style of a letter than a brief. Although this pro se brief contained some numbered lists, they did not appear to be formal assignments of error. To the extent that they could be understood to be assignments of error, the Court found that they duplicated those issues raised by the defendant's appellate counsel in her brief. The Court found that the pro se brief contained only a few references to any legal authorities, and its allegations were largely conclusory and that the sole new issue that the defendant appeared to raise in his pro se brief was an allegation that the trial court's clerk of court falsified certain court documents and minutes. However, it found these allegations to be vague, contained no reference to legal authority, and failed to highlight any alleged prejudice to the defendant. Accordingly, the Court held that the defendant's pro se brief contained allegations that were duplicative of those in his counsel's brief or contentions which were unreviewable on appeal.

2

apparently raising the same claims raised on direct appeal. On March 4, 2016, his writ application was denied without comment. *State v. Scully*, 2016 La. LEXIS 528, 188 So. 3d 1056, 2015-2214 (La. 03/04/16); (La. 2016).

While his appeal was pending, petitioner was re-sentenced on November 19, 2015. However, the trial court failed to appoint counsel for the re-sentencing hearing without obtaining a waiver from Mr. Scully of his right to counsel. *See State v. Scully*, 2016 La. App. LEXIS 1021, 2015 1835 (La.App. 1 Cir. 5/25/16); (La.App. 1 Cir. May 25, 2016). During the re-sentencing hearing, petitioner requested counsel but his request was denied. *Id.* Accordingly, petitioner's sentence was again vacated by the First Circuit on May 25, 2016, and the matter was remanded to the trial court for re-sentencing. *Id.*

On January 3, 2017, petitioner was brought back to the trial court for a third sentencing hearing. According to petitioner's Motion to Hold Petition in Abeyance [Rec. Doc. 3], the trial judge again failed to appoint counsel for petitioner at the January hearing. As such, the sentencing was ultimately postponed again. Therefore, petitioner's sentence is not yet final.

### *Law and Analysis*

The United States Supreme Court has addressed the issue of finality in a criminal case where a conviction has been affirmed but the sentence has been reversed. *Burton v. Stewart*, 549 U.S. 147, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007). In *Burton*, the Court concluded that a "final judgment" in a criminal case includes the finality of both the judgment of conviction

3

and the sentence. *Piper v. Louisiana*, 2016 U.S. Dist. LEXIS 161217 (M.D. La. Oct. 26, 2016) *(citing Burton,* 549 U.S. at 156-57.) Therefore, for purposes of determining the finality of a criminal proceeding in a federal habeas corpus case and determining when the one-year limitations period commences in connection with such proceeding, the court looks to when both the conviction and sentence are final by the conclusion of direct review or by the expiration of time for seeking such review. *Id.*

Accordingly, as the petitioner's sentence in this case is not yet final, and inasmuch as he will have a right to pursue direct review of his conviction and sentence at such time as it is imposed, his criminal proceedings are not yet final, and federal habeas corpus review is not yet available to him. *Id. (citing Horne v. Cain*, 2010 U.S. Dist. LEXIS 29884, 2010 WL 1332977, *2 n. 17 (E.D. La. Feb. 24, 2010) (recognizing that where the petitioner has not been re-sentenced in connection with a conviction, his claims in connection with that conviction are not before the Court because the conviction "is not yet even final"); *Pete v. Tanner*, 2009 U.S. Dist. LEXIS 83401, 2009 WL 2949984, *2 (E.D. La. Sept. 11, 2009) (noting that "an underlying criminal judgment is not considered final until both the conviction and sentence are final" and, where the sentence on multiple offender proceedings had not yet been imposed, "arguably, petitioner's federal limitations period has not yet even commenced, much less expired"). *See also Gifford v. Wilkinson,* 2009 U.S. Dist. LEXIS 107822, 2009 WL 4015428, *5 (E.D. La. Nov. 16, 2009) (noting that "in the case of a re-sentencing, the federal courts have resolved that the defendant's conviction does not

4

become final until the conclusion of direct review of that new sentence or the expiration of time for seeking such review"); *Barbee v. Cain*, 2008 U.S. Dist. LEXIS 29443, 2008 WL 975048, *10 (W.D. La. March 17, 2008) (same).

Thus, the petitioner's claims in this proceeding are premature, and his habeas corpus application should be dismissed, without prejudice to re-filing at such time as his criminal proceedings are final and he has exhausted all of his claims before the courts of the State of Louisiana. *Id. (citing Hooks v. Wetzel*, 2014 U.S. Dist. LEXIS 22008, 2014 WL 684836, *2 (E.D. Pa. Feb. 20, 2014) (dismissing a habeas corpus application as premature and concluding that, "because the court remanded for resentencing and that resentencing has not yet occurred, petitioner's sentence is not final .... [and the] court will not grant habeas review or relief until petitioner has completed appellate review at the state level"). *Cf., Parks v. Bledsoe*, 2009 U.S. Dist. LEXIS 97548, 2009 WL 3401173 (D.N.J. Oct. 21, 2009) (dismissing a habeas corpus application as premature because, in the absence of re-sentencing by the state court, the petitioner was not in custody pursuant to the judgment of a state court, and the federal habeas court therefore lacked jurisdiction to entertain the application)).

*Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that the instant petition for writ of *habeas corpus* be **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that the Motion to Hold Petition in Abeyance [Rec. Doc. 3] be **DENIED**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).** Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the**

**memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Lafayette, Louisiana May 11, 2017.

> _____
> **PATRICK J. HANNA**
> **UNITED STATES MAGISTRATE JUDGE**